UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60798-CIV-ROSENBAUM/SELTZER

PHYSICIANS HEALTHSOURCE, INC,
an Ohio corporation, individually and
as the representative of a class of
similarly-situated persons,

    Plaintiff,

vs.

ANDA, INC.,

    Defendant.
_____/

ORDER ON DEFENDANT'S MOTION TO COMPEL

THIS CAUSE is before the Court on Defendant's Motion to Compel (DE 43) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED in part and GRANTED in part for the reasons set forth below.

Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging that over a 3-year period, Defendant transmitted to Plaintiff by telephone facsimile machine 18 unsolicited facsimiles ("faxes"). Defendant has answered the Complaint and asserted several affirmative defenses, including that Plaintiff's claim is barred "because Plaintiff provided express invitation or permission for receiving advertising information from Defendant regarding its products and services." Second Affirmative Defense (DE 16).

On November 30, 2012, Defendant served on Plaintiff a Notice of Deposition (DE 43-2) to depose six current and/or former employees of the plaintiff corporation in

Cincinnati, Ohio.  Plaintiff objected to the depositions on the following grounds: Defendant has provided no evidence that these employees had any interaction with Defendant; that deposing Plaintiff's entire clerical staff on the same day would impose an undue burden as it would result in a shutdown of Plaintiff's medical office; and the depositions are not necessary for Defendant to prove its statute of limitation defense.

Defendant now moves the Court to compel Plaintiff to produce the employees for deposition by January 11, 2012.  According to Defendant, in response to discovery requests, Plaintiff identified the six employees as individuals who received faxes, who answered the telephone, and/or who had contact with individuals outside the company as part of their regular job duties.  Defendant argues that in these capacities, the employees who it noticed for deposition are the mostly likely individuals to possess information about whether Plaintiff gave Defendant an express invitation or permission to fax Defendant's advertising, and, thus, their testimony is relevant to its Second Affirmative Defense.

Although these six employees may well be able to provide relevant information (or information likely to lead to admissible evidence), the Court nonetheless cannot compel Plaintiff to produce them for deposition.  Only a party to the litigation may be compelled to give deposition testimony pursuant to a notice of deposition.  If the party is a corporation, it's deposition may be noticed pursuant to Federal Rule of Civil Procedure 30(b)(6), in which case the corporation must designate an individual to testify as the corporate representative.  Alternatively, the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under Federal Rule of Civil Procedure 30(b)(1).  But, a corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.  Rather,

the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45.  Ulin v. Lovell's Antique Gallery, No. C-09-03160, 2010 WL 2680761, at *2 (N.D. Cal. July 6, 2010); Karakis v. Foreva Jens Inc., No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (Seltzer, M.J.); Margel v. E.F.L. Gem Lab Ltd., No. 04 Civ 1514(PAC)(HBP), 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008); Schindler Elevator Corp. v. Otis Elevator Co., No 06 Civ- 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007); McMahon v Presidential Airways, Inc., No. 6:05-cv-1002-Orl-28JGG, 2006 WL5359797, at *1 (M.D. Fla. Jan. 18, 2006) ("Although most corporate litigants voluntarily produce subordinate employees, if the corporate party refuses to produce the person, the person must be subpoenaed."); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 3d § 2103 (3d ed. 2010).  The party seeking to take the deposition bears the burden of establishing the capacity of the employee sought to be examined.  Margel, 2008 WL 2224288, at *8; Schindler, 2007 WL 1771509, at *3; "If an examining party fails to meet its burden. . . it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses."  McMahon, 2006 WL5359797, at *1 (quoting In re Honda Am. Motor Co., Inc. Dealership Relations Litig., 168 F.R.D. 535, 540 (D. Md. 1996)).

    Here, Defendant has failed to establish that of the six employees who it noticed for deposition any is an officer, director, or managing agent of Plaintiff.[1]  Hence, Defendant must subpoena the employees for deposition in accordance with Federal Rule of Civil

---

[1] Defendant's counsel's emails to Plaintiff's counsel and Defendant's deposition notice identifies the employees as three front desk workers, an administrative assistant, an administrative supervisor, and a medical assistant.  And Plaintiff's counsel in emails to Defendant's counsel refers to the employees as "clerical staff."

3

Procedure 45.[2]  Accordingly, Defendant's Motion to Compel Plaintiff to produce its employees for deposition is DENIED.

Additionally, Defendant requests that Plaintiff be required to provide it with the last known address, telephone number, and email address of any former employee to be deposed.  Because the discovery and dispositive motion deadline (for Plaintiff's individual claims) is rapidly approaching, the Court GRANTS Defendant's request.  On or before December 17, 2012, Plaintiff's counsel shall furnish to Defendant's counsel such contact information.

DONE AND ORDERED in Fort Lauderdale, Florida, this 12th day of December 2012.

*/s/ Barry S. Seltzer*
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

---

[2] Pursuant to Rule 45(a)(2)(B), a deposition subpoena must issue "from the court for the district where the deposition is to be taken."  The Court notes that "unless otherwise stipulated by all interested parties . . . a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and the deponent (if the deposition is not of a party)." S.D. Fla. L.R. 26.1(i).