UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-60798-CIV-ROSENBAUM**

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.

ANDA, INC.,

    Defendant.
_____/

**ORDER STAYING CASE**

    This matter is before the Court on an independent review of the record. On February 12, 2014, Defendant Anda, Inc., filed an unopposed Motion to Stay Proceedings [ECF No. 96] in light of an ongoing action currently pending before the Federal Communications Commission ("FCC") that may resolve certain issues in this case. The Court granted the Motion in part, staying the case for sixty days. ECF No. 98. On April 17, 2014, at the conclusion of the sixty-day period, the Court lifted the stay. ECF No. 103. But upon further consideration, the Court deems it advisable to reimpose the stay pending resolution of the FCC action.

    Plaintiff Physicians Healthsource, Inc., filed its Complaint [ECF No. 1] on May 1, 2012, individually and on behalf of a putative class, against Defendant Anda, Inc., a pharmaceutical distributor. In its Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as amended by the Junk Fax Protection Act of 2005. The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 42 U.S.C. § 227(b)(1)(C). Although the statute makes explicit reference to "unsolicited" facsimiles only, the FCC subsequently

promulgated a regulation that addresses solicited communications as well. In particular, the regulation provides that "a facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(4)(iii) of this section." 47 C.F.R. § 64.1200(a)(4)(iv). Plaintiff seeks class-wide relief pursuant to this regulation, alleging that Defendant sent facsimiles containing deficient opt-out notices.

At issue in this case is whether 47 C.F.R. § 64.1200(a)(4)(iv) contemplates a private right of action pursuant to 47 U.S.C. § 227(b). Section 227(b)(3)(A) expressly creates a private right of action for any violation "of this subsection or the regulations *prescribed under* this subsection." (emphasis added). Defendant asserts that the TCPA applies to unsolicited communications only, so § 64.1200(a)(4)(iv) could not have been "prescribed under" § 227(b). Alternatively, Defendant posits, even if the regulation was promulgated pursuant to § 227, it is nonetheless *ultra vires* and should be declared "unlawful and set aside."

During the pendency of this case, several petitions have been filed before the FCC seeking a declaratory ruling on these very issues. The FCC has sought comments on these petitions but has not yet adopted a final order. In light of the fact that resolution of the administrative action will directly affect analysis of the instant lawsuit, the better course of action is to await the FCC's ultimate decision. *See, e.g.*, *Kaye v. Merck & Co.*, No. 3:10–cv–1546, 2014 WL 2002447, at *1 (D. Conn. May 15, 2014); *Physicians Healthsource, Inc. v. Purdue Pharma, L.P.*, No. 3:12–CV–1208 SRU, 2014 WL 518992 (D. Conn. Feb. 3, 2014); *Nack v. Walburg*, No. 4:10CV00478 AGF, 2013 WL 4860104 (E.D. Mo. Sept. 12, 2013).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that this matter is

**STAYED** pending resolution of the FCC proceedings.  The parties shall file a status report every thirty days informing the Court of the status of the administrative action.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 23rd day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record